UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 3:18-cv-30095

| | |
|---|---|
| ARLETA MONGUE, )<br>        Plaintiff )<br>)<br>v. )<br>)<br>THE WHEATLEIGH CORPORATION, )<br>L. LINFIELD SIMON, SUSAN SIMON, )<br>and MARC WILHELM, )<br>        Defendants ) | COMPLAINT |

## INTRODUCTION

Plaintiff, Arleta Mongue ("Plaintiff" or "Mongue") brings this action against Defendants, The Wheatleigh Corporation ("Wheatleigh"), L. Linfield Simon ("Mr. Simon"), Susan Simon ("Ms. Simon"), and Marc Wilhelm ("Wilhelm") (collectively as "Defendants"), for violations of the Fair Labor Standards Act, 29 U.S.C. 201, et seq., ("FLSA"), Massachusetts General Law chapter ("M.G.L. c.") 149, §§ 152A ("Tip Act"), M.G.L. c. 151 § 1 ("MFWL"), and M.G.L. c. 149. §§ 148, 150. Defendants' non-payment of FLSA required overtime wages and MFWL require fair wages to Plaintiff constitutes failure to timely pay wages as required by M.G.L. c. 149 § 148, the violation of which carries treble damages under M.G.L. c. 149 § 150. Plaintiff seeks compensatory damages, statutory damages, interest, costs, and attorneys' fees.

## PARTIES

1. Plaintiff Mongue is an individual with a residence at 80 Deming Street, Pittsfield, Berkshire County, Massachusetts, 01201.

2. Defendant Wheatleigh is a Delaware corporation registered to do business in Massachusetts, with a principle place of business at 11 Hawthorne Street, Lenox, Berkshire County, Massachusetts 01240.

3. Upon information and belief, Defendant Mr. Simon is an individual residing in 140 Ogden St, New Haven, New Haven County, Connecticut 06511.

4. Upon information and belief, Defendant Ms. Simon is an individual residing in 140 Ogden St, New Haven, New Haven County, Connecticut 06511.

5. Upon information and belief, Defendant Wilhelm is an individual residing at 408 Pomeroy Avenue, Pittsfield, Berkshire County, Massachusetts 01201.

## JURISDICTION

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 because this case involves a federal claim, and because the Defendants operate in Massachusetts.

7. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## FACTS

8. Plaintiff is not an exempt employee under the FLSA.

9. Defendants are not an exempt employer under the FLSA.

10. Wheatleigh owns and operates the Wheatleigh hotel and restaurant in Lenox, Massachusetts.

11. Mr. Simon is the president, treasurer, and a director of The Wheatleigh Corporation.

12. Ms. Simon is the secretary and a director of The Wheatleigh Corporation.

13. Wilhelm is the general manager and a director of The Wheatleigh Corporation.

14. On approximately May 7, 2017, Plaintiff Mongue was hired to work in the restaurant of the Wheatleigh as a server.

15. Plaintiff trained from approximately May 7, 2017 until approximately May 14, 2017, during which time she was paid the minimum wage rate set by Massachusetts law ("training period").

16. Servers, such as Plaintiff, served food and beverages directly to customers and did not have managerial responsibility.

17. Between May 14, 2017 and January 18, 2018 ("serving period"), Plaintiff was uniformly paid a "service rate" of $5 per-hour, plus a percentage of tips left by customers during the pay period, for all hours worked.

18. Plaintiff routinely worked over forty (40) hours in a week.

19. Approximately 40% of Plaintiff's time during the serving period was spent performing non-tip producing tasks, such as: clearing hotel rooms of food and dishes, polishing glassware and silver, washing and drying towels, assembling furniture, cleaning furniture, transporting furniture, decorating rooms, and attending taste-testings.

20. On certain days, Plaintiff was required to appear at the Wheatleigh to clean the dining room or set-up events while the restaurant was closed to the public and, therefore, not accepting patrons. By way of example, on Tuesday, January 2, 2018, The Wheatleigh was closed for business and Plaintiff was put on the server schedule for "Cleaning 9-3pm."

21. Despite working a substantial number of hours performing non-tip producing tasks or while the Wheatleigh was closed to tipping customers, Plaintiff was paid the service rate.

22. The pool from which Plaintiff and other servers were paid tips was unlawfully distributed to pay prep-cooks, as well as shift "captains" and the restaurant manager at a higher rate than that of a typical server.

23. Defendants paid Plaintiff on a bi-weekly basis.

24. Plaintiff did not receive proper payment of wages as a result of the Defendants: 1) improperly paying Plaintiff $5 per-hour when she should have received at least the minimum hourly wage rate of $11.00 per-hour worked due to the Defendants' unlawful distribution of its tip pools and due to the non-tip producing tasks to which Plaintiff was assigned; 2) improperly

3

distributing tips from the tip-pool to non-wait staff employees and supervisors; and 3) not paying Plaintiff at least one and one-half times the employees regular rate of pay or $11.00 for each hour worked in excess of 40 hours per week.

25. Defendants knew that their conduct was prohibited by the FLSA or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

26. Plaintiff was scheduled to take a thirty (30) minute meal break on those days when she worked more than six (6) hours.

27. During most scheduled meal breaks, Plaintiff was required by her employer to work through all or part of her break.

28. Plaintiff was not paid for the time she worked during her scheduled meal breaks.

29. Plaintiff ended her employment with Defendants on or about January 18, 2018.

30. Plaintiff filed a timely complaint with the Massachusetts Attorney General's Office requesting permission to pursue a private right of action in Court against Defendants, which permission was granted.

31. Plaintiff has complied with all prerequisites to filing this lawsuit.

### COUNT I
### Weekly Payment of Wages – Failure to Pay Minimum Wage
### (Mass. Gen. L. c. 151, § 1, 7; 454 CMR 27.03(2))
### (Against all Defendants)

32. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

33. During all pay periods between May 14, 2017 and January 18, 2018, Defendants violated M.G.L. c. 151, § 1, 7 and 455 CMR 27.03(2) by paying the service rate to compensate Plaintiff when Plaintiff should have received the full $11.00 per hour minimum wage rate due to of the Defendants' unlawful distribution of its tip pools and due to the un-tipped tasks to which Plaintiff was assigned.

4

34. Pursuant M.G.L. c. 151, § 1B, Wilhelm, Mr. Simon, and Ms. Simon are personally liable for the wage violation.

35. Plaintiff is entitled to damages.

## COUNT II
### The Fair Labor Standards Act – Payment of Due Overtime
### (29 U.S.C. § 207)
### (Against all Defendants)

36. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

37. Defendants regularly employed Plaintiff for workweeks longer than forty (40) hours.

38. During the weeks where Plaintiff worked more than forty (40) hours, Plaintiff did not receive compensation for her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed as required by the FLSA.

39. Pursuant 29 U.S.C. § 203, Wilhelm, Mr. Simon, and Ms. Simon are personally liable for the FLSA violation.

40. Plaintiff is entitled to damages.

## COUNT III
### Improper Distribution of Tips – Violation of the Massachusetts Tip Act
### (Mass. Gen L. c 149, § 152A)
### (Against all Defendants)

41. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

42. By their conduct as set forth herein, the Defendants have violated M.G.L. c. 149, § 152A by unlawfully distributing wages from the tip-pool to non-wait staff employees and supervisors.

43. Plaintiff has been harmed by the Defendants' violations of M.G.L. c. 149, § 152A.

44.     Plaintiff is entitled to damages.

## COUNT IV
## Weekly Payment of Wages – Failure to Timely Pay Wages
## (Mass. Gen. Laws Ch. 149, §§ 148, 150)
## (Against all Defendants)

45.     Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

46.     Defendants failed to pay Plaintiff weekly or bi-weekly the wages earned by her within seven days of the termination of the pay period during which the wages were earned.

47.     Plaintiff was employed at least five days in a calendar week by Defendants.

48.     Plaintiff was not paid wages in full on the following regular pay day for all hours worked in a workweek.

49.     Pursuant M.G.L. c. 149 § 148, Wilhelm, Mr. Simon, and Ms. Simon are personally liable for the wage violation.

50.     Plaintiff is entitled to treble damages.


WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants:

a.  awarding Plaintiff compensatory and/or liquidated damages and multiple damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

b.  ordering the Defendants to immediately cease their wrongful conduct as set forth above and requiring the Defendants to begin paying their employees correct, lawful wages.

c.  imposing all statutory penalties as permitted by law against the Defendants, and its officers, directors and other liable employees, including treble damages;

    d.    awarding Plaintiff her costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as provided by law;

    e.    awarding Plaintiff such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated: June 20, 2018

Respectfully submitted,
Arleta Mongue,

By her Attorneys,

/s/Lan T. Kantany

Jeffrey S. Morneau, Esq. (BBO #643668)
Lan T. Kantany, Esq. (BBO #688387)
CONNOR & MORNEAU, LLP
273 State Street, Second Floor
Springfield, Massachusetts 01103
Tel:    (413) 455-1730
Fax:    (413) 455-1594
jmorneau@cmolawyers.com
lkantany@cmolawyers.com